IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MELITON DELGADO GARCIA | § | |
|     TDCJ-CID NO. 1623722 | § | |
| v. | § | C.A. NO. V-12-048 |
| | § | |
| RICK THALER | § | |

## OPINION AND ORDER SUMMARILY DISMISSING HABEAS PETITION

In this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, petitioner challenges a disciplinary proceeding. (D.E. 1). For the reasons stated herein, it is hereby ordered that this action be summarily dismissed for failure to state a violation upon which habeas corpus relief can be granted.

### I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2002). Petitioner was confined in Cuero, Texas when this action was filed. (D.E. 1). Therefore, jurisdiction is proper in this Court. 28 U.S.C. § 124(b)(6). Upon consent of petitioner, (D.E. 6), this case was referred to a United States Magistrate Judge to conduct all further proceedings, including entry of a final judgment. (D.E. 8); see also 28 U.S.C. § 636(c).

### II. BACKGROUND

While incarcerated at the Stevenson Unit in Cuero, Texas, petitioner was charged with a disciplinary case alleging that he was found in possession of a weapon. (D.E. 1, at 5). On July 27, 2012, he was found guilty of this charge and punished with the loss of 45 days of recreation privileges, 45 days of commissary privileges, and a reduction in his line classification status

from L1 to L3.  Id.  He further admits that he did not lose any previously earned good-time credit.  Id.

After exhausting the TDCJ grievance procedure, Petitioner filed this habeas petition on November 3, 2012.  He seeks to challenge his disciplinary conviction, alleging that it was based on insufficient evidence and that an officer involved in the Unit Classification Committee was biased against him.  In addition, he alleges that his reduction in line status was an overly harsh punishment in that it resulted in his loss of early release pursuant to mandatory supervision.

### III.  DISCUSSION

**A.     Summary Dismissal Is Permitted Pursuant To Habeas Corpus Rule 4.**

Rule 4 of the Rules Governing § 2254 Cases authorizes dismissal of non-meritorious claims, that is, claims that fail to show that the petitioner is being held in custody in violation of the Constitution or laws of the United States, or claims that are factually frivolous.  See, e.g., Dellenbach v. Hanks, 76 F.3d 820, 822 (7th Cir. 1996) (noting that despite similarities between Rule 4 and Rule 12(b)(6) of the Federal Rules of Civil Procedure, a habeas petition must cross some "threshold of plausibility" before requiring a custodian to answer, not merely allege facts that if proved would establish petitioner's entitlement to relief); Small v. Endicott, 998 F.2d 411, 414 (7th Cir. 1993) (Rule 4 authorizes dismissal if petition fails to state a claim or is factually frivolous); Veneri v. Missouri, 734 F.2d 391, 393 (8th Cir. 1984) (per curiam) (dismissal pursuant to Rule 4 is appropriate for failure to exhaust claims or frivolous claims).  To avoid summary dismissal, the facts pleaded must "point to a 'real possibility of constitutional error.'" Rule 4, Rules Governing § 2254 Cases, advisory committee note (citing Aubut v. Maine, 431 F.2d 688, 689 (1st Cir. 1970)).  It is the duty of the court to screen out frivolous applications and

eliminate the burden that would be placed on the respondent by ordering an unnecessary answer. Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir. 1999) (district court has the power to screen out frivolous motions and eliminate the burden that would fall on the respondent).

**B.     Petitioner's Challenge Does Not Invoke A Constitutionally Protected Right.**

Petitioner fails to allege the requisite constitutional deprivation necessary for federal habeas relief to be granted. (D.E. 1, at 5). Specifically, he asserts only a loss of 45 days of commissary privileges, 45 days of recreation privileges, as well as a demotion in line class. Id.

A petitioner challenging a disciplinary hearing must show that the punishment intrudes on a protected liberty interest "so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that the state-created right is not arbitrarily abrogated." Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (citing Wolff v. McDonnell, 418 U.S. 539, 557 (1974)); see also Malchi v. Thaler, 211 F.3d 953, 957 (5th Cir. 2000) ("Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States'") (citation omitted). The Supreme Court has explained that many of the restraints of prison life do not violate the Constitution:

> [T]hese [liberty] interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force,... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted). The Fifth Circuit has further explained that "these interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." Madison, 104

F.3d at 767.

        **1.    Petitioner had no liberty interest in his commissary or recreation privileges.**

Petitioner challenges his disciplinary proceeding based on the limitation of his commissary and recreation privileges. (D.E. 1, at 5). These restrictions, however, are not atypical, significant deprivations that could encroach upon any liberty interest. Sandin, 515 U.S. at 485-86; Madison, 104 F.3d at 768 ("[petitioner's] 30 day commissary and cell restrictions ... do not represent the type of atypical, significant deprivations in which a state might create a liberty interest"). Accordingly, petitioner's challenge to his reduction in commissary and recreation privileges fails to state a claim for habeas relief.

        **2.    Petitioner had no liberty interest in his line class status.**

Petitioner claims that he was also punished in that his line class was reduced from S-1 to S-3. (D.E. 1, at 5). The Fifth Circuit has held that prisoners do not have a protected interest in assignment to any good-time credit earning status. Malchi, 211 F.3d at 958-59; Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (per curiam). This rule applies regardless of whether the punishment affects the prisoner's opportunity to earn good-time credits which may lead to his release pursuant to mandatory supervision. Malchi, 211 F.3d at 958. Accordingly, petitioner fails to state a claim for habeas relief based on the change in his line class status.

### IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a certificate of appealability. A district court ruling on

a petitioner's relief may sua sponte rule on a certificate of appealability because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that "reasonable jurists could debate whether ... the [petition] should have been resolved in a different manner or that the issues presented ... deserve[d] encouragement to proceed further." United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Reasonable jurists could not debate this denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. Miller-El, 537 U.S. at 327 (citing Slack,

5

529 U.S. at 484).  Accordingly, petitioner is not entitled to a certificate of appealability.

## V.  CONCLUSION

Based on the foregoing reasons, petitioner's petition for a writ of habeas corpus, (D.E. 1), is summarily dismissed.  Additionally, petitioner is denied a certificate of appealability.

Respectfully submitted this 22nd day of March 2013.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE